UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KYLE SNAMISKA, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>DAVINDER SEKHON, et al, §<br>*Defendant.* § | CIVIL ACTION NO. 3:21-cv-0264 |

**DEFENDANTS' AGREED MOTION TO
EXTEND TIME FOR DEFENDANTS' ECONOMIC EXPERT DESIGNATION**

Because the parties agree they should allow the Court to determine the propriety and extent of need, if any, for any expert witness on the issue of damages in this Uniformed Services Employment and Reemployment Rights Act (USERRA) case, in which damages are statutorily limited and decided only by the court, Defendants move to extend the time for Defendants' expert designations.

**CERTIFICATE OF CONFERENCE**

Counsel for Defendants conferred with Plaintiff's counsel regarding the relief sought in this motion. While Plaintiff does not agree with Defendants' assertion that a purported economic damages expert is not appropriate in a USERRA case, Plaintiff agrees to Defendants' request to extend the time for Defendants' designation of any counter-expert on this issue until such time as the Court may decide the question of the propriety of any such expert as well as any limitations the Court may place on any expert it may allow on the question of lost-wage damages.

**INTRODUCTION**

This is a suit solely under USERRA claiming Defendants violated Plaintiff's rights under the Act when they fired Plaintiff.

On June 17, 2022, Plaintiff served Plaintiff's expert designation, including an economic

4862-2943-4924.1

expert to opine on past and future lost wages.[1] By agreement of the parties, Plaintiff provided his expert report 11 days later, on June 28, 2022 Plaintiff provided Plaintiff's economic expert's report.

Accordingly, while Defendants' deadline under the Court's scheduling order for expert disclosure is listed as July 29, 2022, the parties have agreed Defendants may disclose experts by August 9, 2022. This motion addresses only the timing for Defendants' disclosure of an expert on the question of lost wages, if deemed necessary at all by the Court.

On July 19, 2022, the parties agreed to extend Defendants' deadline to designate an expert on the issue of lost wages until 30 days after the Court decides whether expert testimony is appropriate to assess damages for a claim under USERRA. Recognizing that this Court has previously held such experts are not appropriate in a USERRA case, to conserve otherwise expensive resources, including money that could be used in settlement, the parties have agreed to ask the Court to resolve the question of the propriety and extent of any such expertise as a threshold issue before putting the parties through the significant expense of expert discovery and Defendants' retention or a rebuttal expert.

## ARGUMENT

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that a court may extend a deadline for good cause before the original deadline, or its extension expires. Defendants and Plaintiff have agreed, subject to the Court's discretion, that the following constitutes such good cause:

By August 8, 2022, Defendants will file a motion to exclude any expert testimony on the issue of lost wages, past or potential front-pay, as unnecessary in a USERRA case, where the court

---

[1] Of course, past lost wages are subject to precise mathematical calculation, without the need for any "expertise." *Cf., Short v. Anangel Spirit Compania Naviera*, No. 01-1400, 2002 U.S. Dist. LEXIS 23390, at *8 (E.D. La. 2002) ("The [factfinder] is fully capable of making simple mathematical calculations for any award of past loss earnings.") Future lost wages are not only unlikely in this case – Plaintiff may be re-instated, and Plaintiff has long-ago obtained replacement employment at close to his last salary – but only the Court may decide what factors to utilize in calculating any front pay, if any. Compare, *Ibarra v. UPS, Inc.*, No. MO-10-CA-113, 2013 U.S. Dist. LEXIS 194405 (W.D. Tex. 2013).

and not a jury determines damages and as unreliable as to *potential* front pay, which may and *might* only be awarded in a case in which a court finds front pay to be appropriate and then only calculated based on the court's findings unique to that case, just as this Court found in *McCarty v. City of Southside Place*. No. 4:15-cv-01214, 2016 U.S. Dist. LEXIS 138499, 2016 WL 4995048, at *15 (S.D. Tex. July 15, 2016) (Milloy, M.J.). The parties agree that resolution of this threshold question will subserve the parties' joint efforts to conduct discovery and settle or try this case in the motion efficient manner, as mandated by Rule 1, F.R.C.P.

Specifically, if the Court holds in accord with its prior decision in *McCarty,* the parties may avoid the substantial expense of retention and cross-designation of an economic expert as well as significant expense of expert discovery and motions challenging either or both experts on *Daubert* grounds. Alternatively, if the Court finds some efficacy in the use of economic experts to address the question of statutorily limited damages in this case, the Court's guidance will at least reduce the cost to both parties in preparing and presenting such purported economic expertise and will further guide the parties on any limitations of such proposed evidence the Court finds appropriate.

## CONCLUSION

Accordingly, Defendants request the Court extend the deadline for Defendants' economic expert disclosure until 30 days after the Court enters a ruling as to the appropriateness of economic experts to address lost wages or front-pay in this matter.

                            Respectfully Submitted,

                            LEWIS BRISBOIS BISGAARD & SMITH, LLP

                            */s/ William S. Helfand*
                            WILLIAM S. HELFAND
                            Bill.Helfand@lewisbrisbois.com
                            S.D. Tex. No. 8791
                            24 Greenway Plaza, Suite 1400
                            Houston, Texas  77046
                            (832) 460-4614
                            **ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 29, 2022, I served the foregoing document to all counsel of record through and in accordance with the ECF and local rules.

                                      */s/ William S. Helfand*
                                      WILLIAM S. HELFAND